**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| **ANDREW BURKART,** | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| **v.** | ) | **COMPLAINT** |
| **EQUIFAX INFORMATION SERVICES LLC,** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Equifax Information Services LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## PARTIES

2. Plaintiff Andrew Burkart is an adult individual residing in the state of Iowa.

3. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1550 Peachtree St NW, Atlanta, GA 30309.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least November 2025 through the present.

7. Specifically, Defendant is falsely reporting that Plaintiff owes a debt to Figure Lending, LLC. This information is inaccurate as Plaintiff discharged this debt via bankruptcy.

8. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendant has repeatedly published and disseminated consumer reports to third parties from at least November 2025 through the present.

10. Plaintiff has disputed the inaccurate information with Defendant by following Defendant's established procedures for disputing consumer credit information.

11. Plaintiff has disputed the inaccurate information with Defendant from at least November 2025 through the present.

12. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least December 2025 through the present.

13. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

14. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently

repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, invasion of privacy including from unauthorized users and/or intrusions into his highly sensitive and intimate personal information, and emotional distress including anxiety, frustration, humiliation, embarrassment, and the physical symptoms of his emotional distress.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
## (Plaintiff v. Equifax)

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, Equifax was a “person” and “consumer reporting agency” as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

20. At all times pertinent hereto, Plaintiff was a “consumer” as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned credit reports were “consumer reports” as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

23. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney’s fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

24. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY: /s/ *Jeffrey Sand*____________________

Jeffrey Sand
Andrew Weiner
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
(404) 205-5029
js@wsjustice.com
aw@wsjustice.com

/s/ *Joseph L. Gentilcore*_____________

JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street
Suite 2510

Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com
*(pro hac vice application forthcoming)*

Attorneys for Plaintiff

Dated: August 19, 2026